■ SHORELL LABORATORIES, INC., Appellant, v. H. ALLEN LIGHTMAN et al., Respondents.— Order, entered on November 6, 1967, denying plaintiff's motion for partial summary judgment and dismissal of defendants' second counterclaims, unanimously modified, on the law, to the extent of dismissing said counterclaims, and otherwise affirmed, without costs or disbursements. The "irrevocable" management agreements which form the basis of the counterclaims were not properly authorized by the plaintiff or its stockholders and appear to constitute an unlawful infringement on the powers and duties of the plaintiff's board of directors. (See: *Fells* v. *Katz*, 256 N. Y. 67, 72.) Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Rabin, JJ.

■ BLANCHART FINANCIAL CORPORATION, Respondent, v. OAK POINT DAIRIES OF NEW JERSEY, Appellant.— Judgment unanimously modified, on the law, to the extent of vacating so much of the first decretal paragraph as dismisses that portion of defendant's counterclaim by which defendant sought $3,000 damages for "paper spoilage", severing that portion of the counterclaim and directing a new trial thereon; and otherwise the judgment is affirmed, without costs or disbursements to either party. Execution on the judgment will be stayed to the extent of $3,000 plus interest thereon, pending determination of the trial upon the severed portion of the counterclaim ordered herein. The proof adduced on defendant's claim of $3,000 in damages because of paper spoilage presented a factual issue for resolution by the jury. Hence the trial court erred in dismissing that claim, as a matter of law, without permitting the jury to pass on it. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE JOHNSON, Appellant.— Order entered January 26, 1966 unanimously affirmed. We have not passed upon the contention of appellant that his rights to due process were violated by certain procedures relating to his pretrial identification (cf. *People* v. *Ballott*, 20 N Y 2d 600). Not only is the issue presented for the first time in this court but the meager allegations in the petition are vague and unsatisfactory. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Bastow, JJ.